2026 IL App (1st) 250620

Fourth Division
Filed August 13, 2026

No. 1-25-0620

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE LAMAR JOHNSON COLLABORATIVE INC., | ) | |
|     Plaintiff and Counterdefendant-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | Appeal from the |
| 225 WEST RANDOLPH OWNER, LLC; ONNI | ) | Circuit Court of Cook County |
| CONTRACTING (CHICAGO), INC.; ACREFI | ) | |
| MORTGAGE LENDING, LLC; ACREFI SAN, LLC; | ) | No. 2023 CH 07694 |
| UNKNOWN OWNERS; NONRECORD | ) | |
| CLAIMANTS; and UNKNOWN TENANTS, | ) | The Honorable |
| OCCUPANTS, AND LEASEHOLDS, | ) | Daniel Patrick Brennan, |
|     Defendants | ) | Judge, presiding. |
| | ) | |
| (225 West Randolph Owner, LLC, and Onni | ) | |
| Contracting (Chicago), Inc., Defendants and | ) | |
| Counterplaintiffs-Appellants). | ) | |

JUSTICE OCASIO delivered the judgment of the court, with opinion.
Presiding Justice Navarro and Justice Quish concurred in the judgment and opinion.

**OPINION**

¶ 1 Section 38.1 of the Mechanics Lien Act (770 ILCS 60/38.1 (West 2024)) allows owners and others with interests in a property subject to a claimed mechanic's lien to, via petition, substitute a surety bond in place of the lien, which provides a way to clear title to the property while still protecting the rights of the lienor. If the lien claim has already reached the point of litigation, however, the ability bond over the lien strictly time-limited: when "there is a pending action to enforce the lien claim," the petition to substitute must be filed "prior to 5 months after the filing

of a complaint or counterclaim by a mechanics lien claimant to enforce its mechanics lien claim." *Id.* § 38.1(c). The question presented by this appeal is whether an amended complaint filed after an initial complaint is dismissed with leave to amend restarts the five-month clock. We hold that it does not.

¶ 2                                    I.  BACKGROUND

¶ 3        The underlying facts of this case are straightforward. Defendant 225 West Randolph Owner, LLC, engaged defendant Onni Contracting (Chicago), Inc. (Omni) (collectively, Defendants), to renovate the 33-story building in downtown Chicago. Onni, in turn, engaged plaintiff, The Lamar Johnson Collaborative Inc. (LJC), to provide architectural design services for the renovation. At some point, the parties' relationship soured, and Onni ultimately engaged a different firm to provide architectural services.

¶ 4        LJC responded by recording a mechanics lien claim and, on August 23, 2023, LJC brought suit against Defendants and various other interested parties to enforce its claimed lien. Defendants moved to dismiss in December 2023. Among other things, Defendants argued that LJC had failed to engage in prelitigation mediation, as required by the alleged contract. In its response, LJC asked the court, in the event it found that mediation was required under the contract, to stay the case pending mediation rather than dismissing it.

¶ 5        The motion to dismiss was still pending when, on February 21, 2024, Defendants filed a petition to substitute a surety bond as security in place of the property under section 38.1. LJC objected that the petition was untimely because more than five months had elapsed since it filed suit. See *id.*

¶ 6        The court heard the motion to dismiss and the petition to substitute on March 26, 2024. The record on appeal does not include a transcript of the hearing. After the hearing, the court (1) denied

the motion to dismiss without prejudice, (2) dismissed the complaint on its own motion without prejudice and with leave to file an amended complaint, (3) stayed the case pending mediation per the alleged contract, and (4) denied the petition to substitute.

¶ 7        Four months later, mediation having evidently failed to resolve the dispute, the parties returned to court, and the court lifted the stay and set a pleading schedule. LJC filed an amended complaint on August 2, 2024, which Defendants answered. Then, on December 30, Defendants filed a new petition to substitute a bond for the lien. Once again, LJC objected to the petition as untimely. After a March 2025 hearing, (for which we again have no transcript), the court denied the petition to substitute "for the reasons stated in open Court." The court found under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay enforcement or appeal of its order, from which Defendants now appeal.

¶ 8                                    II. ANALYSIS

¶ 9        On appeal, Defendants argue that the trial court erred by denying their petition to substitute a bond for the claimed mechanic's lien. They acknowledge that they were required to file the petition "prior to 5 months after the filing of a complaint" to enforce the lien (770 ILCS 60/38.1(c) (West 2024)), but they contend that the relevant five-month period ran from the filing of the amended complaint on August 2, 2024, which would make their December 30, 2024 petition timely. Resolving their argument requires us to interpret section 38.1(c). Our goal when interpreting a statute is to determine and give effect to the legislature's intent. *Lavery v. Department of Financial & Professional Regulation*, 2025 IL 130033, ¶ 22. We start by looking at the words of the statute, which give the most reliable indication of the legislature's intent. *Id.* In ascertaining the meaning of a particular provision, we read the language in context; we consider the statute as a whole, its subject, the reason it exists, the evil it seeks to remedy, and the purpose it is meant to achieve. *Id.*

Statutory interpretation is a legal question, so our review is *de novo*. *People v. Smith*, 236 Ill. 2d 162, 167 (2010).

¶ 10     We start with the relevant provision. Section 38.1(c) of the Mechanics Lien Act specifies the time during which a petition to substitute may be filed:

> "An applicant may file a petition to substitute a bond for the property subject to a lien claim with the clerk of the circuit court of the county in which the property against which the lien claim is asserted is located, or if there is a pending action to enforce the lien claim, an applicant may at any time prior to 5 months after the filing of a complaint or counterclaim by a mechanics lien claimant to enforce its mechanics lien claim." 770 ILCS 60/38.1(c) (West 2024).

Before we continue, we must contend with the fact that this provision is grammatically incomplete. The first half of the provision is a fully coherent independent clause that establishes the general rule that applicants (which are defined elsewhere in the statute) may file petitions to substitute a bond when a property is subject to a lien claim. The second half of the provision attempts to provide a time limit that applies when the lien claim is being asserted in a pending action, but it lacks a complete predicate: it says that "an applicant may" do something, but it does not say what that something is. As a general rule, we do not read language into statutes. When necessary to give effect to the intent of the legislature, however, courts can correct obvious mistakes, including grammatical errors. *People v. Howard*, 233 Ill. 2d 213, 219 (2009) (striking superfluous word as an obvious mistake). Here, it is obvious that the thing that an applicant "may" do is file a petition to substitute a bond for the property subject to a lien claim. Accordingly, we construe the second

half of the provision as though it read "an applicant may *file such a petition* at any time prior to 5 months ***."

¶ 11     With that clarification, we can see that this provision has two distinct components. The first component provides that a petition to substitute may be filed if the property is "subject to a lien claim." 770 ILCS 60/38.1(c) (West 2024). The term *lien claim* is defined by the statute to mean a claim for a mechanic's lien that has been noticed, recorded, or sued upon under various provisions of the Mechanics Lien Act. *Id.* § 38.1(a)(3). The effect is that a petition to substitute can be filed once a lien claim has been formally asserted in one of those ways. The second component, which is the one at issue here, then sets out a conditional time limit that applies once there is "a pending action to enforce the lien claim." *Id.* § 38.1(c). If that condition is met, then the petition can only be filed "prior to 5 months after the filing of a complaint or counterclaim" asserting the lien claim. *Id.* As a whole, the provision is concerned with defining the period for bonding over: it commences upon the formal assertion of a lien claim in one of the enumerated ways, and it terminates "5 months after the filing of a complaint or counterclaim by a mechanics lien claimant to enforce its mechanics lien claim." *Id.*

¶ 12     That brings the intent of the five-month limit into focus. When a lien claim has been asserted but no suit has been filed, there is no time limit for bonding over. But once a dispute advances to litigation—once there is a "pending action to enforce the lien claim"—the legislature intended that the owner and any other interested parties make a decision about whether to bond over early in the life of the case, within five months of the lien claimant acting to enforce its claim by raising it in a complaint or counterclaim. We therefore conclude that the five-month filing deadline is triggered by the filing of the first pleading in which the lien claim is raised and is not reset by the filing of an amended pleading that raises the same lien claim.

¶ 13     A reading of the statute that would give rise to a new five-month bonding-over period every time the pleading containing the lien claim was amended would defeat the purpose of setting a five-month time limit in the first place. See *Bowman v. Ottney*, 2015 IL 119000, ¶ 17 ("[W]e will avoid a construction that would defeat the statute's purpose or yield absurd or unjust results."). Amendments to pleadings are common and might be made for any number of reasons. Courts are encouraged to "freely and liberally allow the amendment of pleadings." *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 467 (1992). Indeed, subject to the discretion of the court, a pleading can be amended at any time before final judgment. See 735 ILCS 5/2-616(a) (West 2024). They can even be amended in the middle of trial in appropriate circumstances. See, *e.g.*, *State Farm Fire & Casualty Co. v. M. Walter Roofing Co.*, 271 Ill. App. 3d 42, 49-50 (1995) (holding that trial court abused its discretion by denying plaintiff's motion to amend complaint during trial). The notion that the legislature would have intended a new five-month filing period to be triggered by a midtrial amendment is, of course, absurd.

¶ 14     Defendants, however, do not rely solely on the fact that LJC filed an amended complaint. Noting that LJC's original complaint was dismissed by the court, they also contend that, once the original complaint was dismissed, there was no longer a "pending action" and that the amended complaint therefore represented a new "pending action" with a new five-month period. As framed, this argument conflates actions with pleadings, but those two things are not the same. When used in this sense, "pending action" refers to a proceeding, not to a complaint or counterclaim. The dismissal of a complaint without prejudice means there is not a complaint on file, but it does not mean that there is not a "pending action." See *Owen v. Mann*, 105 Ill. 2d 525, 530 (1985) (explaining that, after the complaint was dismissed with leave to amend, there was no way to determine whether a discovery request was relevant to the subject matter of the pending action

under the discovery rules). It is clear from the record that, despite the dismissal of the initial complaint with leave to amend, there remained a "pending action" that, in fact, the trial court stayed. Had there not been an action pending, then there would have been nothing to stay.

¶ 15    We also do not agree with Defendants' suggestion that the five-month clock only starts if the lien claimant files a "viable" complaint. This reading finds no support in the statutory language, which says nothing about viability. As the legislature was surely aware when it enacted section 38.1, whether any given pleading is "viable" is often the subject of motion practice in the trial court, and those proceedings are not always resolved within five months of the pleading's filing. We do not think the legislature would have set a deadline that would often pass before the court determined with any certainty that the clock had even started. Furthermore, had the legislature wanted to wait until there was a "viable" complaint, it could easily have keyed the deadline to the filing of the answer. It did not.

¶ 16    In closing, we emphasize that our decision is based on the particular procedural context before us. We hold only that the dismissal of the complaint in this case with leave to amend followed by the filing of an amended complaint did not trigger a new five-month period for bonding over.

¶ 17                                  III.  CONCLUSION

¶ 18    We hold that a petition to substitute a bond under section 38.1(c) of the Mechanics Lien Act must be filed within five months of the earliest pleading in which the lien claim is raised. Because LJC raised its lien claim in its initial complaint on August 23, 2023, the petition to substitute was due no later than January 23, 2024. Neither the dismissal of the initial complaint with leave to amend nor LJC's filing of an amended complaint restarted the five-month bonding-over period. As Defendants' petition to substitute bond was not filed until December 30, 2024, it was untimely, so the trial court properly denied it.

¶ 19        Accordingly, we affirm the denial of Defendants' petition.

¶ 20        Affirmed.

*The Lamar Johnson Collaborative Inc. v. 225 West Randolph Owner, LLC*,
**2026 IL App (1st) 250620**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2023-CH-07694; the Hon. Daniel Patrick Brennan, Judge, presiding. |
| **Attorneys for Appellant:** | Daniel W. Tarpey and David G. Wix, of Tarpey Wix, LLC, of Chicago, for appellants. |
| **Attorneys for Appellee:** | Michael F. Cocciemiglio and Matthew W. Horn, of Amundsen Davis LLC, of Chicago, for appellee. |